In the Matter of the Claim of ANTHONY KOT, Respondent, against CROUSE-HINDS COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal by a self-insured employer from a decision and award to claimant of temporary total disability compensation made by the Workmen's Compensation Board. Claimant, a moulder, while assisting in the course of his employment in carrying a heavy pot of molten brass suffered from a sudden weakness and collapse. There is ample medical evidence to support the board's finding that this was caused by a rupture of a pre-existing angioma of the brain, and that it was causally related to his employment. The evidence as to the circumstances in claimant's employment which are shown to have given rise to the injury and the sudden occasion and nature of the injury sanction the finding that it was accidental. (*Matter of Bohm* v. *L. R. S. & B. Realty Co.*, 289 N. Y. 808; *Matter of Barnes* v. *New York World's Fair 1939*, 277 App. Div. 819; *Matter of Kayser* v. *Erie Co. Highway Dept.*, 276 App. Div. 789.) Decision and award unanimously affirmed, with one bill of costs to the claimant and the Workmen's Compensation Board, to be divided equally between them, with disbursements to each. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ.

■

In the Matter of the Claim of VIOLA BROWN, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from decision of the Unemployment Insurance Appeal Board which modified the decision of an unemployment insurance referee disqualifying claimant for insurance benefits. Claimant was a woman seventy years of age. Her son, her husband and herself were officers of a corporation known as the Federal Broadcasting System, Inc., which operated a radio station in Rochester, New York. Claimant was secretary of the corporation, her husband was treasurer, and their son was president. The latter owned all of the stock. The corporation was a family affair and the amount of salaries paid to the corporate officers depended on the profits in any given year. These amounts were determined solely by the son, who was the president and sole owner of the stock. At the close of the business year 1950 it was determined that the financial affairs of the corporation did not warrant payment of any salary to claimant. The issues presented upon appeal are whether claimant, as a corporate officer performing services without compensation because of the financial condition of the corporation, was totally unemployed within the meaning of the statute, and whether she was available for employment within the meaning of the same statute. We think there is no substantial evidence in the record to sustain the determination that claimant was available for employment and, therefore, eligible for benefits and hence that such a decision was erroneous as a matter of law. We also think that the record fails to furnish any substantial proof to sustain a finding that claimant was totally unemployed. Decision of the Unemployment Insurance Appeal Board reversed, on the law, without costs. Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ., concur.