In the Matter of JOSEPH M. MARDER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.

Third Department, May 9, 1962.

*Samuel S. Ress* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Harold F. Lee* and *Samuel Stern* of counsel), for respondent.

HERLIHY, J. Claimant appeals from a decision of the Unemployment Insurance Appeal Board which determined he was not eligible to receive or retain benefits and directed that the benefits received be paid back because he made a wilful false statement to obtain such benefits.

The facts are not in dispute. The claimant and one Brown, in 1952, organized a partnership for the purpose of operating and conducting a bungalow colony. Thereafter, in 1956, a corporation was organized to acquire all of the assets of the partnership. Brown received 50% of the corporate stock and the remaining 50% was issued to the wife of the claimant. While the wife had no apparent interest in the partnership, it was contended that the corporate stock was issued to her in return for her major financial contribution to the partnership assets. The claimant was neither a stockholder nor an officer of the corporation, but it was intimated by his attorney that he was a director. His duties were to supervise the operation and activities of the bungalow colony. He was paid a salary during the active season but not otherwise; the amount and the time for the payment of salary being fixed by the two stockholders. The claimant and his wife made their permanent home on the premises.

The claimant filed claims for benefits effective December 30, 1957, January 5, 1959 and January 11, 1960.

Payments were made on the basis of the claimant's questionnaire, but thereafter, as the consequence of an investigation, it was determined that he was initially ineligible to receive benefits.

The Referee found that the claimant was ineligible for benefits, but that there was no wilful misrepresentation and while claimant had been overpaid, the payments were not recoverable, as he received the benefits in good faith. (Labor Law, § 597, subd. 4.)

The board, modifying the finding of the Referee, determined that there had been a wilful misrepresentation and directed that the benefits be repaid. The board said in part: "However, we do not agree with the referee's conclusion that claimant did not wilfully make a false statement to obtain benefits and that the overpayment of $2,351.25 is not recoverable. Under the provisions of Section 597.4 of the Law, benefits are not recoverable if they were accepted by a claimant in good faith and he did not make a false statement and did not wilfully conceal any pertinent fact in connection with his claim for benefits. Claimant's certifications of total unemployment obviously were false since they were contrary to the fact. Claimant was under a duty to make a full disclosure of all the facts from the inception of his claim so that the local office might make a proper determination of all the issues. The proof herein compels the conclusion that claimant deliberately divested himself of a proprietary interest in the bungalow colony in an attempt to qualify for benefits during the off-seasons. Accordingly, it is apparent that claimant realized that his true relationship with the corporation and its business was a material factor in the determination of his eligibility for benefits, and therefore, he realized that it was his duty to disclose all of the facts in connection therewith. His silence, when there was a duty to speak, constitutes such concealment as to constitute wilful misrepresentation within the meaning of the Law (*Matter of Galitzer*, 2 A D 2d 923, affirming Appeal Board, 40, 381–53 and Appeal Board 74, 251–60). Since the overpayment resulted from such wilful misrepresentation it is recoverable. Moreover, because of such wilful misrpresentation, the local office was empowered to review the corrections of the determinations under which the payment of benefits to claimant were authorized, notwithstanding that such review involved determinations made more than a year prior thereto. (Section 597.3)."

*On this appeal, the only question argued is the propriety of the ruling of the board that the overpayment of benefits to the claimant was recoverable.*

Section 594 of the Labor Law provides in part that where a claimant has wilfully made a false statement or misrepresentation for the purpose of obtaining benefits, he shall be subject to a penalty and that all moneys paid because of such false statement or misrepresentation shall be refunded. Subdivision 4 of section 597, cited by the Referee and the board in their decisions, provides that any determination regarding a benefit claim may not be reviewed beyond one year from the date it was issued so long as there was involved *no* fraud or wilful misrepresentation and whenever a new determination is made denying benefits previously allowed, such determination will not affect the rights to benefits already paid, provided they have been accepted by the claimant in good faith and *not* as a result of any false statement or representation and wilful concealment.

The effect of the two statutes together is this: If a factual determination is made that benefits were received under false pretenses, section 594 comes into play and the '' one year '' and '' no effect on benefits paid '' provisions of subdivisions 3 and 4 of section 597 are, by the express terms of those subdivisions, not applicable. In this case the Referee said that since he found no misrepresentations then subdivisions 3 and 4 of section 597 did apply and claimant would not be required to pay back the benefits although he had not, in fact, been entitled to them. The board, in modifying, found a wilful misrepresentation so that the recovery provisions of section 594 — albeit not mentioned in its memorandum — would be implemented.

The two sections are completely independent as to what they are intended to accomplish. Failure to disclose may be within subdivision 4 of section 597 and yet not in any respect a wilful misrepresentation, pursuant to section 594. The only interplay concerns when benefits should be paid back and when the claimant is allowed to keep them. If there is fraud, section 594 applies and section 597 expressly does not. If there is no fraud, section 597 applies and section 594 expressly does not.

The claimant, in defense of his position, asserts that he was ready and able to accept employment during the time he was receiving benefits and had made applications for work in New York City and in Miami Beach, Florida. There was testimony that on occasions in 1958, while receiving benefits, he had signed or indorsed checks issued by the corporation. He made no mention in his claim for benefits of his prior interest in the partnership or of the transfer of that business to the corporation and the issuance of stock to his wife. The record shows that the claimant and his wife were not inexperienced in the business world, but he argues that he received the benefits in good faith

because he was ignorant of the fact that he was required to give such information. The board, having rejected the basic reason given for the transfer of the stock to his wife, was justified in its conclusion that the transfer had been made for the sole purpose of making the claimant eligible for unemployment insurance benefits while actually he was still employed. Such circumstances warranted the factual findings that the claimant did not accept the benefits in good faith and the failure to disclose his business interest constituted a wilful misrepresentation pursuant to section 594 (*Matter of Galitzer* [*Corsi*], 2 A D 2d 923). It is the responsibility of all claimants to make a full and complete disclosure to the board of all pertinent facts which might be determinative of their right to benefits. The Unemployment Insurance Law (Labor Law, art 18) was not enacted for the purpose of paying benefits to claimants under the factual circumstances found herein. The purpose of the law is to pay claimants who are involuntarily unemployed through no fault of their own.

The claimant further argues that all payments made after May 19, 1959 are not recoverable. He states that at that time, in lieu of an examination under oath, he gave an affidavit as to his partnership and corporate transactions and that accordingly all payments received by him thereafter were in good faith and without any wilful false statement or representation. When the affidavit was given, it was part of an investigation being conducted to determine whether initially he was eligible for benefits and which investigation, resulting in the present determination, was not completed for some time subsequent to the date of his affidavit. We hold he is not entitled to claim benefits under such circumstances.

Whether claimant made a full disclosure of the facts in his claim for benefits filed January 11, 1960, the record does not disclose. We assume, however, that such was not the fact as it was not so argued by the claimant.

The decision of the board should be affirmed.

Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur.

Decision affirmed, with costs to the respondent.