■ In the Matter of the Claim of STANLEY MARVIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board (a) holding claimant ineligible to receive benefits from October 9, 1964 through February 23, 1965 on the ground that he was not totally unemployed (Labor Law, § 522); (b) charging him with an overpayment in unemployment insurance benefits, to be recomputed by the Industrial Commissioner, and ruled to be recoverable; and (c) holding that claimant willfully made false statements to obtain benefits by reason of which a forfeiture of 24 effective days was imposed as a penalty in reduction of claimant's future benefits. The board based its determination on the fact that claimant, a one-half owner and secretary-treasurer of two corporations formed to acquire and renovate two-family homes for resale, devoted four to six hours weekly to promoting the affairs of this business during the period under review. His activities consisted primarily of signing corporate checks and conferences with his coventurer. It is also conceded that claimant had invested $20,000 to secure his half interest that the business rented desk space in Brooklyn, and that the venture had assets consisting of 12 parcels of property. The question of "total unemployment" is factual and thus within the board's exclusive determination if supported by substantial evidence (Labor Law, § 623). Here claimant was an active officer and half-owner of the corporations involved and thus the board could properly find a lack of total unemployment (*Matter of Korth* [*Murphy*], 266 App. Div. 934; see, also, *Matter of Carasso* [*Catherwood*], 23 A D 2d 935; *Matter of Lodico* [*Catherwood*], 11 A D 2d 873; *Matter of D'Angelo* [*Catherwood*], 11 A D 2d 825). Nor does the fact that claimant received no compensation for his activities up to the date of hearing affect the results (*Matter of Bailey* [*Catherwood*], 18 A D 2d 727; *Matter of Brown* [*Corsi*], 281 App. Div. 935). Similarly we find no reason to disturb the board's determination that claimant made willfully false statements to obtain benefits (*Matter of Bailey* [*Catherwood*], *supra*, p. 728) and that the overpayment, as recomputed, is recoverable (*Matter of Marder* [*Catherwood*], 16 A D 2d 303). Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.