■ In the Matter of the Claim of MINNA SCHLAGS, Appellant.   MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 25, 1968, which determined that claimant was disqualified from receiving benefits effective December 19, 1967 on the ground that she voluntarily left

her employment without good cause, and charged her with an overpayment of $151.25 in benefits ruled to be recoverable upon a holding that claimant willfully made a false statement to obtain benefits for which a forfeiture of 24 effective days was imposed. Claimant, age 63, last worked for the employer herein as a bookkeeper on December 18, 1967. On that day, following a dispute with one of her employers, she made out a check for the salary due her which was then signed by both employers, and she was then driven to a beauty parlor by the employer with whom she had the dispute. On December 19, 1967 she filed for benefits stating that she had been "laid off" and, when told that this was not acceptable, crossed it out and gave the reason for leaving as "no work". At the hearings claimant maintained that she was fired, and the employer testified that she quit and requested her salary for the time worked on the final day. The board determined that she "left her job because of her inability to get along with this employer due to a clash of personalities", and that there was no evidence that this affected her health, or otherwise made it necessary for her to leave her employment. The board also determined that she knew her employment did not end by reason of "no work", and rejected her contention that she was instructed by a local office employee to so indicate on her application for benefits, and affirmed the initial determinations that claimant left her employment without good cause; had received benefits that she was not entitled to based upon a willful misrepresentation, and that such benefits were recoverable. The issues of good cause and willful misrepresentation involve questions of fact, the resolution of which rests within the sole province of the board and, if its determination of these issues is supported by substantial evidence, it may not be disturbed. (*Matter of Kansky [Catherwood]*, 27 A D 2d 887; *Matter of Soroka [Catherwood]*, 24 A D 2d 920.) The determination of the board is supported by substantial evidence in the record, and must be affirmed. Benefits having been paid based upon a willful misrepresentation, they are recoverable. (*Matter of Marder [Catherwood]*, 16 A D 2d 303; Labor Law, § 594.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Staley, Jr., J.