■ In the Matter of the Claim of GEORGE TRASK, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. The decision appealed from is supported by substantial evidence and must be affirmed (cf. *Matter of Palko [Catherwood]*, 29 AD2d 600). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

■ In the Matter of the Claim of MARTIN M. SHAPIRO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective July 21, 1973 because he was not totally unemployed, charging him with an overpayment of $1,237.50 in benefits ruled to be recoverable, and holding that he willfully made false statements to obtain benefits by reason of which a forfeiture of 66 effective days was imposed as a penalty in reduction of his future benefit rights. During the period when claimant alleges that he was entitled to benefits, he was concededly president and principal stockholder of Ride In Style, Inc., a limousine service that operated out of his home, and he performed numerous services for the corporation including caring for the books and records, answering the telephone, doing some driving himself and hiring other drivers. Under such circumstances, the board was clearly justified in finding that claimant was not totally unemployed *(Matter of Marvin [Catherwood]*, 24 AD2d 924), and the fact that the business operated at a loss and, consequently, claimant received no compensation does not alter this result *(Matter of Bailey [Catherwood]*, 18 AD2d 727). Furthermore, claimant was responsible for making "a full and complete disclosure to the board of all pertinent facts which might be determinative" of his benefit rights *(Matter of Marder [Catherwood]*, 16 AD2d 303, 306) and, therefore, his failure to disclose his activities with Ride In Style, Inc., to the local unemployment insurance office provides substantial support for the board's determination that he willfully made false statements to obtain benefits (cf. *Matter of Tona [Catherwood]*, 28 AD2d 779). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.