affirmed the decision of the referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective July 29, 1974 because he voluntarily left his employment without good cause. Claimant retired from his position as a court clerk for the Civil Court of the City of New York. Although the last day he actually worked was July 28, 1974, he remained on the payroll through December 2, 1974 to account for terminal and other accrued leaves and it was on that date that his retirement became effective. In the interim claimant discovered that he would not begin to receive his pension benefits until he attained the age of 55 and sought to be reinstated to his former position. He was unsuccessful in this endeavor and applied for unemployment insurance benefits. At the hearing he forthrightly admitted that he intended to remain in the labor market while receiving his pension and would not have retired when he did but for his mistaken belief that those benefits would be receivable immediately upon termination of his leave payments. Under these circumstances, there was substantial evidence for the board to find and conclude that claimant left his employment voluntarily without good cause. Claimant's early retirement was the product of his own choice in the absence of coercion to do so. He is not entitled to unemployment insurance benefits as a device to rectify his own miscalculation and tide him over until his pension benefits commence (cf. *Matter of Fisher [Levine]*, 36 NY2d 146; *Matter of Lynch [Catherwood]*, 32 AD2d 704). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of ANITA SHLEIFSTEIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from two decisions of the Unemployment Insurance Appeal Board, filed June 10, 1975 and July 7, 1975, which, respectively, held claimant disqualified from receiving benefits because she voluntarily left her employment without good cause and denied claimant's application to reopen and reconsider its June 10, 1975 decision. Claimant contended that the travel time to and from her work was unreasonably long and provided her with "good cause" for leaving her employment. What may or may not constitute good cause is a question solely within the province of the board, and its decision must be sustained when, as here, it is supported by substantial evidence *(Matter of Famulare [Catherwood]*, 34 AD2d 705). Claimant's argument that the board erred in failing to permit reopening and reargument is predicated on her contention that she could not properly be held to have voluntarily quit because she was not, in fact, yet employed. The question of whether claimant had commenced work or not was one within the exclusive province of the board, and, since there is substantial evidence in the record to support its decision, it must be affirmed *(Matter of Marchena [Catherwood]*, 31 AD2d 774). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of EDWARD G. TRPIK, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits effective November 15, 1974 because he voluntarily left his employment without good cause, charging him with an overpayment of $408 in benefits ruled to be recoverable and holding that the claimant willfully made false statements to obtain benefits by reason of which a forfeiture of eight effective days was imposed as a penalty in reduction of his future

benefit rights. Claimant contends that when he filed for benefits he stated that his reason for separation from employment was "Laid Off. Lack of Work". He was employed for less than three months and on the last full day of employment told his employer that he was an unreasonable man to work for and asked to be laid off. The employer testified that claimant quit. The resolution of the conflict in the testimony was for the board *(Matter of Rubinstein [Catherwood],* 33 AD2d 950). The issue whether claimant willfully made a false statement to obtain benefits involves a question of fact. Its determination by the board is supported by substantial evidence and should not be disturbed *(Matter of Schlags [Catherwood],* 34 AD2d 597). Benefits having been paid based upon a willful misrepresentation, are recoverable *(Matter of Marder [Catherwood],* 16 AD2d 303). Claimant's contention, raised for the first time on appeal, that he was not afforded a fair and unbiased hearing is without merit. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.