■ In the Matter of the Claim of JOSEPH GIACALONE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 20, 1978. The record contains the testimony of an investigator employed by the New York State Department of Labor that he inspected a file maintained by the New York State Liquor Authority under the name of 146 Tavern, Inc. That file contained the original application for a liquor license by the corporation which showed that the corporation was organized on March 22, 1976; that the application was filed on April 8, 1976; that a liquor license was issued on September 9, 1976; and that the claimant was issued 40 shares of stock in the corporation and was its secretary-treasurer. The application showed that the claimant had an original investment commitment of $6,000 and *was to work evenings and nights.* Finally, the application showed that the claimant had another employment during the days in the garment industry. The investigator also learned from the file that the claimant sold his stock to a Carol Robolt on September 27, 1977 for a total consideration of $6,000. The claimant testified at some length to the effect that he did not actually participate in the business or the preparation of any of the business forms or applications and only became a stock owner in order to secure his loan of $6,000 to the president of the corporation. He denied ever performing any kind of employment service for the business. He did produce a "memorandum of closing" statement which was on the stationery of an attorney and indicated that at the time when the corporation purchased the tavern it had operated, 40 shares of stock were issued to claimant and he was elected a director and secretary-treasurer thereof. He also produced a statement dated November 22, 1977, signed by the president of the corporation, which said that the claimant had nothing to do with the business and received no money therefrom and only had a "financial interest". The latter statement had a notary signature attached and dated November 28, 1977, but it does not recite that the notary either witnessed the signature of the president or that the president swore to the truth of the statement. It appears that upon the present record there is substantial evidence supporting the board's determination that the claimant had a substantial interest in a business on and after March 22, 1976 when the claimant, according to the papers filed with the State Liquor Authority, at least became obligated to advance $6,000 to the corporation and intended to be a stockholder and work nights in the tavern business. He admits that he did advance the money and that he did become a stockholder and officer. In view of such substantial evidence of the facts in the application being complied with, his denial of actually working or participating in the corporate business created issues of credibility. In this particular case the hearsay evidence is substantial. The claim-

ant, however, apparently did nothing in furtherance of the business prior to the purchase of the pre-existing business on September 9, 1976. He could not have worked evenings as the corporation had no liquor license, and he could not engage in business as it had no place to conduct business. Upon the present record, there is nothing to establish anything other than a financial commitment on the part of the claimant prior to September 9, 1976 and, accordingly, he cannot be charged with a lack of total unemployment for the period of March 22, 1976 through September 9, 1976. The board has found that the claimant lacked total unemployment for specified times from March 22, 1974 through September 19, 1976 and the period of November 8, 1976 through May 8, 1977. That determination must be modified by annulling so much thereof as found an overpayment for the period of March 22, 1976 through September 9, 1976. The board found that the overpayment was recoverable. The claimant answered *no* in both April of 1976 and April of 1977 to the following question on the claim form: "Do you have any business or are you engaged in any other activity that brings in or may bring in income?" In view of the claimant's stated interest on March 22 of 1976 in the proposed corporation and his intent to perform work in it, there is substantial evidence that he knew or should have known that he might have earnings or income therefrom and he was an owner. Upon the record, the board's finding that the false answer was willfully made and, therefore, the benefits received while not totally unemployed are recoverable must be affirmed. Decision modified by reversing so much thereof as sustained the initial determination of the respondent that the claimant was not totally unemployed for the period of March 22, 1976 through September 9, 1976 and that benefits paid in that period were recoverable, and, as so modified, affirmed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.