■ In the Matter of the Claim of John M. Cuddeback, Appellant. Philip Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 1978 and resettled January 11, 1980, which modified the decision of the Administrative Law Judge and sustained an initial determination of the Industrial Commissioner to the extent that it held claimant ineligible to receive benefits effective November 25, 1976 because he was not totally unemployed, charged him with an overpayment of benefits after that date which were ruled to be recoverable, and imposed a forfeiture of effective days as a penalty. In the disputed benefit period between November 25, 1976 and May 15, 1977, claimant provided some assistance to his wife's florist shop and, on Sundays, participated in the operation of a flea market in a building owned by him. Since limited employment activity does not automatically render an unemployment insurance claimant ineligible to receive benefits (Labor Law, §§ 522, 523, 590; cf. Matter of Swyer [Levine], 52 AD2d 707), and since the record does not disclose whether claimant's efforts exceeded such limits throughout the questioned period, we cannot properly review the board's finding that he was not totally unemployed. Assuming he was completely ineligible during the entire period, the board also found that claimant "certified * * * he had done no work in employment or in self-employment." However, his report to the local office, termed a "calendar insert", was placed in evidence by a representative of the Industrial Commissioner. It plainly reflected numerous dates on which claimant acknowledged he had done some work. Inasmuch as that document was the only proof offered on the subject, this additional finding of a willful misrepresentation is not supported by substantial evidence. Thus, while the board might wish to

consider whether claimant accurately revealed the degree and extent of his involvement in business affairs, the recovery of benefits (Labor Law, § 597, subd 4) and the imposition of penalty (Labor Law, § 594) are not authorized under the present circumstances. Moreover, in the absence of fraud or a willful misrepresentation, the issue of claimant's eligibility prior to January 30, 1977 would be academic (Labor Law, § 597, subd 3). Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane and Casey, JJ., concur.

Sweeney and Staley, Jr., JJ., dissent and vote to affirm in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). In our view there is substantial evidence to sustain the board's finding that claimant was not totally unemployed. Furthermore, we disagree with the majority's conclusion that, on this record, there is no evidence to support the board's additional finding that "he certified that he had done no work in employment or in self-employment" during the period in question. The decision should be affirmed.