■ In the Matter of the Claim of SHEILA SILVERMAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1980, which affirmed a Referee's decision sustaining an initial determination of the Industrial Commissioner holding claimant ineligible for benefits. Claimant, a school teacher, was notified in April, 1979 that she would be terminated at the close of the school year because of declining student population. On June 15, 1979, she was notified that she would be placed on a preferred substitute list. She received a lump-sum payment of $3,585 at the close of the school year in June. The new school year started September 4, 1979, and she was *rehired as a regular full-time teacher* on September 20, 1979. After rehiring, she also received salary raises accrued for July and August. The Industrial Commissioner and Referee disallowed her claim for benefits holding subdivision 10 of section 590 of the Labor Law applicable, and finding that she had reasonable expectation of employment in September as a substitute teacher. The board affirmed and claimant has appealed. The issue raised herein has been the subject of repeated litigation. This court in *Matter of Wilson (Ross)* (80 AD2d 980), *Matter of Hug (Lewiston-Porter Cent. School Dist.—Ross)* (80 AD2d 979), and *Matter of Gaeta (Ross)* (78 AD2d 742, mot for lv to app den 52 NY2d 703) has held that subdivision 10 of section 590 of the Labor Law is effective to bar benefits where substantial evidence is found in the record to demonstrate a reasonable expectation of re-employment of the claimant. The record in this case presents no factual basis requiring that we either distinguish or depart from our previous determinations. Decision affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.