■ In the Matter of the Claims of DENNIS W. MAGUIRE et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 20, 1979, which reversed, in part, the decision of an Administrative Law Judge and sustained the determination of the Industrial Commissioner disqualifying claimants from receiving benefits effective March 10, 1976 because they were not totally unemployed; charging them with overpayments of benefits ruled to be recoverable; and holding that they had willfully made false statements to

obtain benefits by reason of which a forfeiture of 80 effective days was imposed upon both claimants. Claimant Dennis Maguire filed for benefits on March 9, 1976 and received benefits until the statutory week ending August 22, 1976. Claimant John Gallagher filed for benefits on February 20, 1976 and received benefits until the statutory week ending January 30, 1977. The record reveals that on March 10, 1976 claimants became officers and one-third shareholders in a corporation they organized with a third person and incorporated on that date; that the corporation was formed for the purpose of operating a restaurant and bar; that both claimants signed checks on behalf of the corporation after a corporate checking account was opened on March 31, 1976; that a liquor license was obtained on May 14, 1976; that on May 21, 1976, a lease for the business premises was executed and rent paid thereafter, and that the business was opened to the public on August 19, 1976. Claimant Maguire testified that he did no work for the corporation prior to the restaurant's opening and that he went to work for the corporation on the day of the opening and stopped claiming benefits thereafter. Claimant Gallagher testified that he took no park in operating the business even after it opened except to sign some checks, look at the records and review the tax returns and that while receiving benefits he received no income from the corporation. Upon consideration of the record in its entirety, we are of the view that there is substantial evidence to support the board's determination that during the periods in issue claimants were not totally unemployed (see *Matter of St. Germain [Ross],* 78 AD2d 565; *Matter of De Vivo [Levine],* 51 AD2d 619). Concerning the issue of willful misrepresentations, however, we conclude that there is insufficient evidence to support the board's determination. Claimants both filed for benefits prior to the formation of the corporation. Their testimony indicates that no income was earned by them while receiving benefits and their activities during the periods in issue, as in *Matter of Czarniak (Ross)* (60 AD2d 745), do not appear to have been so time consuming as to generate awareness that their continuing certifications of total unemployment misrepresented reality. We find no positive evidence of willful misrepresentation in the present record and, therefore, the board's finding on this issue cannot be sustained (see *Matter of Duffy [Ross],* 78 AD2d 735; *Matter of Czarniak [Ross],* 60 AD2d 745, *supra).* Decision modified, by annulling so much thereof as finds willful misrepresentations to obtain benefits ruled to be recoverable and imposes forfeitures of effective days, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Casey and Mikoll, JJ., concur.

Herlihy, J., concurs in part and dissents in part in the following memorandum. Herlihy, J. (concurring in part and dissenting in part). I concur in the conclusion of the majority that the finding of the board that claimants were not totally unemployed on and after March 10, 1976 is supported by substantial evidence. As to a recovery of benefits and the imposition of a penalty, the Labor Law provides in part as follows: "§ 594. Reduction of benefits for false statement. A claimant who has wilfully made a false statement or representation to obtain any benefit * * * shall forfeit benefits for at least the first four but not more than the first eighty effective days following discovery of such offense * * * The penalty provided in this section shall * * * no longer apply * * * after the expiration of two years from the date on which the offense was committed. A claimant shall refund all moneys received because of such false statement or representation made by him. § 597. Initial determination * * * 3. Limitation on review of determinations. Any determination regarding a benefit claim may, in the absence of fraud or wilful misrepresentation, be reviewed [by the Industrial Commissioner] only within one year from the date it is issued * * * 4. Effect of review. Whenever a new determination * * * results in a decrease or denial of benefits previously allowed [it] shall not affect

the rights to any benefits already paid \* \* \* *provided* they were accepted by the claimant in good faith *and* the claimant did not make any false statement or representation *and* did not wilfully conceal any pertinent fact in connection with his claim for benefits." (Emphasis added.) In this particular case, there is no doubt that if the claimants had reported their undertaking they would have been precluded from benefits. In any event, the board's finding is conclusive on that issue. However, as the Legislature recognized in subdivision 3 of section 597, not every revision of an initial determination is the result of falsehoods by a claimant. The board found herein: "Significantly, the corporate tax return covering these periods, indicated that claimant D. M. [Maguire] devoted all of his time, and that claimant J. G. [Gallagher], part of his time to the business. Accordingly, we conclude that their certifications each week that they had done no work in employment or self-employment were not only false, but they knew them to be false." It would seem apparent that the board's determinations of false statements sufficient to permit a redetermination reducing benefits and that such statements were so willful/false/fraudulent as to be knowingly made for the purpose of obtaining benefits and to warrant recovery thereof are supported by substantial evidence. The decision should be affirmed in its entirety.