In the Matter of the Claim of GRACE VALVO, Appellant.
PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, December 4, 1981

APPEARANCES OF COUNSEL

*Chikovsky & Snyder (Stephen S. Joy* of counsel), for appellant.

*Robert Abrams, Attorney-General (Iris A. Steel* and *Paul S. Shemin* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

We hold that where a primary issue before the board is whether claimant's minimal activities technically constitute employment within the meaning of the Labor Law, claimant's weekly certification of total unemployment cannot, as a matter of law, be considered a false statement under subdivision 4 of section 597 of the Labor Law. The board's interpretation of the statute to the contrary is irrational. `

The facts are not in dispute. Claimant, a close friend of the employer's daughter-in-law, offered to help the employer when, in the home of the daughter-in-law, and in the presence of claimant, he expressed a problem with writing checks for his business. The business, a small fuel oil company that delivers heating oil to families, operated on a seasonal basis, usually from November to April. From October 12, 1976 to July 17, 1977, claimant wrote more than half of the checks for the business. On the checks she wrote the name of the payee and the amount, filled out the check stubs and did the arithmetic. The employer signed and mailed the checks. Claimant was not paid for these services during this time. She commenced paid employment with the company in November, 1977 and worked during that season until May, 1978. When working, she was on the employment premises five days a week and, in addition to writing checks, she answered the phone, handled the accounts receivable, and filled in journal ledgers. During the off-season from May 9, 1978 to November 5, 1978, claimant was not on the payroll and did not report to work but continued to write checks as she had during 1976 and 1977. From June 19, 1979 to November 4, 1979, when the office was again shut down, claimant performed no duties other than the writing of checks, and again she received no payment.

The board has determined that claimant's uncompensated check writing activities during the off-season periods constituted employment within the meaning of the Labor Law, rendering her ineligible for benefits. Since "[t]he construction and application given to the term 'total unemployment' by the board must be upheld unless it can 'be said to lack rational basis or to be arbitrary or capricious'" (Matter of Reitman [Catherwood], 27 AD2d 678), we see no reason for disturbing this portion of the board's decision.

Having concluded that claimant's activities constituted employment, the board further determined that claimant's weekly certifications of total unemployment were false and known by her to be false when made. The board ruled that such willful misrepresentations justified the imposition of a forfeiture of effective days and that benefits paid as a result of such willful misrepresentations are recoverable

(Labor Law, § 594). The board also ruled that, irrespective of willfulness, claimant's weekly certifications were "false in fact", rendering a portion of the benefits recoverable under subdivision 4 of section 597 of the Labor Law.

Initially, with respect to willfulness, we find nothing in the record to support the board's determination. Willfulness does not imply a criminal intent to defraud, but rather requires that claimant acted knowingly, intentionally or deliberately *(Matter of Vick [Catherwood]*, 12 AD2d 120). While the board's authority with respect to the assessment of the credibility of witnesses and the inferences to be drawn from the evidence is well established, its decision still must be supported by substantial evidence in the record *(Matter of Di Maria [Ross]*, 52 NY2d 771) — that is, there must be a rational basis for the findings of fact supporting the board's decision *(300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 182). Here, there is nothing in the record to suggest other than that claimant drew an incorrect conclusion concerning the highly technical interpretation and application of a provision of the Labor Law. The record does not support the board's finding that claimant knew she had drawn the wrong conclusion. Under such circumstances, there is no rational basis for finding that claimant acted willfully (compare *Matter of Smith [Ross]*, 78 AD2d 961; *Matter of Staheli [Ross]*, 60 AD2d 670, with *Matter of Maguire [Ross]*, 54 NY2d 965).

Turning to the question of whether recoverability of a portion of the benefits pursuant to subdivision 4 of section 597 of the Labor Law is authorized under these circumstances,[1] we are of the view that the term "false statement" in the statute refers to a false *factual* statement. While the question of whether a claimant is totally unemployed has often been characterized as a factual issue (see, e.g., *Matter of Brandau [Levine]*, 52 AD2d 696), where, as here, the facts are not in dispute, the board's decision requires a

---

1. In the absence of fraud or willful misrepresentations, determinations may be reviewed only within one year from the date they are issued (Labor Law, § 597, subd 3). The Industrial Commissioner ruled claimant ineligible and declared the overpayment recoverable on June 2, 1980. In view of our finding with respect to claimant's willfulness, recoverability under subdivision 4 of section 597 is limited to the benefits paid during the last of the three off-season periods.

purely legal conclusion involving the construction and application of a technical term in the Labor Law (see *Matter of Reitman [Catherwood], supra; Matter of Newman [Catherwood],* 24 AD2d 1042). Similarly, under the circumstances of this case, the requirement that claimant weekly "report and certify to his unemployment" (12 NYCRR 473.2 [a]) obligated claimant to draw a legal conclusion — whether her uncompensated check-writing activities constituted employment within the meaning of the Labor Law — rather than provide factual data.[2]

As this court noted in *Matter of Grandy (Phillips — Ross)* (64 AD2d 796), "benefits are payable only to those who are 'totally unemployed' (Labor Law, § 591, subd 1) and even those who are arguably employed in only a technical sense are ineligible to receive them". Under circumstances similar to those present here, we have previously expressed the notion that "[c]laimant[s] should not be held to a technical construction of 'employment' as it is used in the Unemployment Insurance Law" *(Matter of Bunzl [Lubin],* 1 AD2d 46, 48), and the cases have been divided into two categories: those in which claimant's activities obviously constituted employment and those in which a primary issue has been whether claimant's activities constituted "employment" within the meaning of the Labor Law *(Matter of Bailey [Catherwood],* 18 AD2d 727, 728). With regard to the latter category, into which the instant case falls, claimants cannot be held responsible for erroneous legal conclusions which are based upon the construction of a technical term ordinarily left to the board's expertise (see *Matter of Czarniak [Ross],* 60 AD2d 745). Rather, claimants' omission, if any, would be in their failure to disclose pertinent facts (see *Matter of Cuddeback [Ross],* 76 AD2d 950), and in order to render the benefits recoverable, the failure to disclose pertinent facts must be willful (Labor Law, § 597, subd 4). Accordingly, since there is no evidence in this record of any willfulness on claimant's part, and since the board incorrectly interpreted claimant's weekly certification as a false statement, that portion of the board's deci-

---

2. Significantly, there is nothing in the record in this case to suggest that claimant was asked during her weekly reporting sessions to disclose any activities that might have a bearing on whether she was totally unemployed; rather, the determination of whether she was totally unemployed was left solely to claimant.

sion imposing a forfeiture of effective days as a penalty and ruling the benefits recoverable must be reversed.

To be contrasted with the instant case are those cases that fall into the first category described in *Matter of Bailey (Catherwood) (supra),* where claimants' activities obviously constitute employment. In those cases, claimants may be presumed to have drawn the correct legal conclusion, but would misrepresent that conclusion when they certify to total unemployment on their weekly reports. *Matter of Maguire (Ross)* (54 NY2d 965, *supra)* falls into this category of cases. The court in *Maguire* found substantial evidence in the record to support the board's finding that when claimants certified to total unemployment they actually knew that their activities on behalf of the corporation in which they were shareholders constituted employment. As the dissent in this court noted (82 AD2d 977, 979), "the board's determinations of false statements sufficient to permit a redetermination reducing benefits and that such statements were so willful/false/fraudulent as to be *knowingly made for the purpose of obtaining benefits and to warrant recovery thereof* are supported by substantial evidence." (Emphasis added.) Also to be contrasted is the case where a claimant responds incorrectly to a question seeking purely factual data (see, e.g., *Matter of Giacalone [Ross],* 71 AD2d 706). Our holding is limited to those cases where reasonable minds might differ as to whether a claimant's activities constituted employment, and the board has found claimant to have been employed in the technical sense of the Labor Law.

The decision should be modified, by reversing so much thereof as finds a willful misrepresentation to obtain benefits, imposes a forfeiture of effective days and rules the benefits recoverable, and, as so modified, affirmed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Decision modified, by reversing so much thereof as finds a willful misrepresentation to obtain benefits, imposes a forfeiture of effective days and rules the benefits recoverable, and, as so modified, affirmed, without costs.