(December 4, 1981)

■ In the Matter of the Claim of DEBRA LOLL, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Reargument of a decision of this court, dated November 26, 1980. In our initial holding in this case, we modified the decision of the Unemployment Insurance Appeal Board by reversing so much thereof as sustained the initial determination of the Industrial Commissioner imposing a forfeiture of 96 effective days as a penalty in reduction of claimant's future benefit rights. As so modified, the decision was affirmed (78 AD2d 961). We subsequently granted claimant's motion for reargument as to the issue of "whether claimant was properly charged with an overpayment of benefits ruled to be recoverable". Upon reargument, and for the reasons stated in *Matter of Valvo (Ross)* (83 AD2d 344), we further modify the board's decision by reversing so much thereof as charged claimant with an overpayment of benefits ruled to be recoverable. Decision modified, by reversing so much thereof as sustained the initial determination imposing a forfeiture of 96 effective days and charged claimant with an overpayment of benefits ruled to be recoverable, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll and Weiss, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum: Herlihy, J. (dissenting). In view of the Court of Appeals decision in *Matter of Maguire (Ross)* (54 NY2d 965), the Industrial Commissioner's original determination requiring repayment of benefits by claimant and imposing a forfeiture of 96 effective days as a penalty for willfully making false statements, as affirmed by the board, should now be affirmed. I would also add that I do not agree with the rationale of the decision in *Matter of Valvo (Ross)* (83 AD2d 344) with respect to the recoverability of benefits pursuant to subdivision 4 of section 597 of the Labor Law.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY E. KRAUSS, Appellant. — Motion for permission to proceed as a poor person granted. The appeal may be perfected in accordance with section 800.14 of the Rules of Practice (22 NYCRR 800.14). James A. Salk, Esq., Box 476, Trumansburg, assigned to represent appellant upon this appeal pursuant to section 722 of the County Law. The County Clerk of Tompkins County is directed to furnish to appellant's counsel one copy of the transcripts of the stenographic minutes of all proceedings in the matter, except those portions which appellant's counsel or the criminal court determine are unnecessary for perfection of the appeal, and to forward the other copy to the clerk of this court pursuant to subdivision (c) of section 800.4 of the Rules of Practice (22 NYCRR 800.4 [c]). Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLIAMS, Appellant. — Motion for permission to proceed as a poor person granted. The appeal may be perfected in accordance with section 800.14 of the Rules of Practice (22 NYCRR 800.14). Samuel J. Castellino, Esq., the Public Defender of Chemung County, 414 East Church Street, Elmira, has appeared for appellant upon this appeal. The County Clerk of Chemung County is directed to furnish to appellant's counsel one copy of the transcripts of the stenographic minutes of all proceedings in the matter, except those portions which appellant's counsel or the criminal court determine are unnecessary for perfection of the appeal, and to forward the other copy to the clerk of this court pursuant to subdivision (c) of section 800.4 of the Rules of Practice (22 NYCRR 800.4 [c]). Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.