■ In the Matter of the Claim of JUDITH R. SCULLY, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1981, which sustained an initial determination of the Industrial Commissioner holding claimant ineligible for benefits, and ruled an overpayment in benefits of $718.75 recoverable. Claimant, an art teacher, was notified in April, 1979, that her full-time position was to be eliminated at the close of the school year. By letter dated June 9, 1980, she was advised that substitute teacher positions were available for the coming school year and was requested to complete an application. Claimant partially completed the form, adding the words "How will it be possible to sub from where I live?". Travel time between the school district and claimant's home was 40 minutes. The school district received her application on June 26, 1980. Thereafter, claimant went to Maine where she filed an interstate claim, listing the school district as her only employer. She indicated to the Out-of-State Resident Office that she had no prospects of employment in September, and failed to advise them of the substitute teacher application. Thereafter, she received $718.75 in benefits. The Industrial Commissioner disallowed her claim for benefits upon the ground she had a reasonable expectation of employment in September as a substitute teacher (Labor Law, § 590, subd 10) and ruled the overpayment of benefits to be recoverable.* In affirming the initial determination of the Industrial Commissioner, the board determined that the school district's letter of June 9, 1980 was equivalent to a notice of placement on the employer's active substitute list. Such notice, the board held, effectively constituted reasonable assurance of continued employment in an instructional capacity within the meaning of subdivision 10 of section 590 of the Labor Law. Claimant has appealed. We have previously affirmed board denials of benefits based on subdivision 10 of section 590 of the Labor Law where substantial evidence is found in the record to demonstrate a reasonable expectation of continued employment (Matter of Silverman [Ross], 82 AD2d 955, and cases cited therein). In our view, the construction given the above-cited statute herein is rational and reasonable and should be upheld (Matter of Williams [City School Dist. of Binghamton—Ross], 81 AD2d 928; Matter of Miller [Ross], 78 AD2d 561). A fair interpretation of Form LO-11.2 is that it refers to employment in a full-time position, and not to the offered substitute teacher position. The essential point is that a position on the substitute teacher list was available thus affording the necessary "reasonable assurance" of employment. The board also determined that the benefits paid were recoverable since "claimant falsely stated to the Out-of-State Resident Office on July 10, 1980, that she had no prospects for employment in September, and because she did not disclose * * * her receipt of the school district's inquiry about substituting". Initially, we note that the issue herein is not one of willfulness under section 594 of the Labor Law, but whether the benefits are recoverable pursuant to subdivision 4 of section 597 of the Labor Law (see Matter of Valvo [Ross], 83 AD2d 344). Essentially, the term "false statement" in subdivision 4 of section 597 refers to a false factual statement, as opposed to a purely legal conclusion involving the construction and application of a technical term in the Labor Law (id., at pp 346-347). Whether claimant had any prospects of employment called for a factual response on her part. Certainly, the fact that she had been offered a substitute

---

* A referee reversed this determination, finding subdivision 10 of section 590 inapplicable since claimant's position was completely terminated. This decision was premised in large part on the employer's Report Form LO-11.2, which indicated there was no intention to rehire claimant for the upcoming academic year.

teaching position was relevant in this context and should have been disclosed. It cannot be seriously contended that claimant, a professional educator for 10 years, was unaware that the offer constituted a prospect of employment. Since claimant was required to make a full and complete disclosure of all pertinent facts (*Matter of Marder* [*Catherwood*], 16 AD2d 303, 306), the benefits paid were properly ruled recoverable (*Matter of Maguire* [*Ross*], 54 NY2d 965, revg 82 AD2d 977; *Matter of Giacalone* [*Ross*], 71 AD2d 706). The decision of the board is supported by substantial evidence and we, accordingly, affirm. Decision affirmed, without costs. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.