■ In the Matter of the Claim of DINA PICCIRILLI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 22, 1982, which sustained an initial determination of the Industrial Commissioner holding claimant ineligible for benefits and ruled an overpayment in benefits of $1,130 recoverable. Claimant, a sewer with Kroehler Mfg. Co., left her position on October 2, 1981 to return to her native Italy to care for her ailing mother. Upon returning to this country on December 14, 1981, she inquired of her employer whether there was a position for her and was told to report for work on December 16, 1981. She never did so; nor did she call her employer to explain her absence. On December 28, 1981, claimant was called by a co-worker who advised that the plant was temporarily closing down and not to return to work until further notice. Thereafter, claimant filed for unemployment benefits asserting that she was laid off "until work picked up". At a hearing before an administrative law judge, the employer testified that claimant had been terminated, in accordance with the terms of the governing collective bargaining agreement, following her failure to report for work on December 16 or on any of the following three days. The December 28 telephone call apparently was the result of a general announcement which asked employees to make sure everyone knew the plant was temporarily closing down. Evidently, the employee who called claimant was unaware that the latter had been terminated. The employer testified that there was never any intent on its part to reach claimant because she was considered to have been terminated earlier. The appeal board sustained the determination of the administrative law judge insofar as it upheld the disqualification for benefits based upon the fact that claimant voluntarily left her employment without good cause and ruled the $1,130 overpayment recoverable. No appeal was taken from the administrative law judge's finding that claimant had made no willful misrepresentation when she applied for benefits and, therefore, the appeal board did not address this issue. Claimant's main contention is that because it was specifically found that she had made no willful misrepresentation, the benefits she received are not recoverable. We disagree. Subdivision 4 of section 597 of the Labor Law requires that benefits be recovered if they were obtained by the making of "any false statement or representation". This provision has been interpreted to compel recovery where a claimant applying for benefits makes a statement which, though not willfully false, is false in fact (*Matter of Scully* [*Roberts*], 88 AD2d 689). There is no doubt that claimant's statement that she had been laid off was factually false; thus recovery of the benefits received is statutorily proper. Where there clearly was no conscious misrepresentation, we look not to section 594 but to the language of section 597 (*Matter of Marder* [*Catherwood*], 16 AD2d 303, 305), which does not limit recovery to cases of intentional

falsehood, but instead permits recoupment where any false statement has been made. We see no reason to disturb the board's interpretation of the statute as it is both rational and proper especially in light of the fact that claimant simply refused to report for work on December 16, 1981, in accordance with her employer's instructions. Decision affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.