■ In the Matter of the Claim of DANIEL J. O'LEARY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 11, 1982. Claimant contends that the record lacks substantial evidence to support so much of the decision appealed from as ruled recoverable the benefits paid to claimant during various periods between December 29, 1975 and April 12, 1981 and imposed a forfeiture of 400 effective days as a penalty. This ruling was based upon the finding that claimant willfully made false statements or representations to obtain the benefits (Labor Law, § 594). It is undisputed that since 1972 claimant has been employed by a country club as a golf professional for 26 weeks each year, beginning in mid-April and ending in mid-October. During this period, claimant also rented golf carts and operated a pro shop on the club's premises. Claimant filed for and received benefits for the off-season periods, during which he billed customers for items purchased from the pro shop while it was open, accepted and deposited payments, ordered and took delivery of materials for the pro shop, wrote business checks, and picked up and reviewed business mail. Despite these activities, claimant certified that he neither had any business nor was engaged in any other activity which might bring in income. These certifications serve as the basis for the board's finding that claimant willfully made false statements or representations to obtain benefits. On this appeal, claimant raises no issue concerning the finding that he was not totally unemployed. Rather, he contends that he made no willful false statements or representations. In *Matter of Valvo (Ross)* (83 AD2d 344, 347, affd 57 NY2d 116), we explained that in those cases where a primary issue has been whether the claimant's activities constituted "employment" within the meaning of the Labor Law, "claimants cannot be held responsible for erroneous legal conclusions which are based upon the construction of a technical term ordinarily left to the board's expertise". Thus, we held that claimant Valvo's weekly certifications of no employment, despite her uncompensated check-writing activities for her employer during the off-season, did not constitute false statements. In affirming, the Court of Appeals cautioned that the facts of each case must be examined in order to determine whether the board's finding has a rational basis (57 NY2d 116, 126). In our view, the

instant case is factually distinguishable from *Valvo* in two areas. First, claimant's activities herein are more substantial and varied than those of claimant Valvo. Second, and more important, is claimant's relationship with his employer. In *Valvo,* claimant had no interest in the business of her employer, either directly or through family ties, and she wrote checks during the off-season as a favor to her employer. Here, on the other hand, claimant was self-employed and his off-season activities were essential to the continued operation of his business and its production of income during the season. These factors provide a rational basis not only for the board's finding that claimant's certifications constituted false statements, but also for the finding that the false statements were willfully made (*Matter of Maguire [Ross]*, 54 NY2d 965). The thrust of claimant's arguments seems to be that since he always disclosed his occupation as a golf professional, knowledgeable claims examiners should have been aware of the off-season activities required by his seasonal business, or at least should have inquired further of him, and that, therefore, he should not be held responsible for the overpayments resulting from the failure of the claims examiners to perform their jobs in diligent fashion. This argument has no merit, however, for the duty of making a full and complete disclosure of all pertinent facts rests with the claimant (Labor Law, § 596; *Matter of Scully [Roberts]*, 88 AD2d 689, 690; *Matter of Shapiro [Levine]*, 49 AD2d 780). Claimant testified that during an interview when he first filed for benefits he disclosed that he collected some money and was told that it was not significant. Whether he was so advised presented a question of credibility for the board to resolve (*Matter of Di Maria [Ross]*, 52 NY2d 771). Moreover, claimant's actual activities during the off-season involved more than mere collection of some money. After the initial hearing before an administrative law judge, the board remanded the matter for a supplemental hearing to allow cross-examination of the unemployment insurance investigator and introduction of claimant's business records. After the supplemental hearing was conducted, the matter was returned to the board without an additional decision from the administrative law judge. Claimant contends that this procedure denied him due process in that the board did not have the benefit of the thoughts of the hearing officer who observed the witnesses and was in the best position to make a judgment on credibility. By statute, the final decision-maker in the administrative process is the board, not the administrative law judge (unless no appeal to the board is taken) (Labor Law, § 623). Moreover, the Court of Appeals has recently expressed its view that the assessment of credibility is a function of the board, although the hearings are not actually conducted by the board (*Matter of Di Maria [Ross], supra*). Accordingly, the fact that the administrative law judge made no decision on the credibility of witnesses after the remand from the board is, in our view, irrelevant (but see *Matter of Michael B.,* 58 NY2d 71, 74-75 [Cooke, Ch. J., concurring]). Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.