Matter of Arrigo (Commissioner of Labor) (2022 NY Slip Op 07119)

Matter of Arrigo (Commissioner of Labor)

2022 NY Slip Op 07119

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534736
[*1]In the Matter of the Claim of Timothy Arrigo, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Timothy Arrigo, Marcy, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Aarons, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 2021, which denied claimant's application to reopen and/or reconsider a prior decision.
The plant where claimant was employed shut down at various points in 2020 as a result of the COVID-19 pandemic, and claimant filed a claim for unemployment insurance benefits in April 2020. As relevant here, the plant was shut down — and claimant was laid off from work — from July 27, 2020 to July 31, 2020. Due to a reporting error, claimant mistakenly certified that he was laid off from work one week earlier, i.e., from July 20, 2020 to July 24, 2020. Upon being advised by the employer that claimant did in fact work during the week of July 20, 2020, the Department of Labor disqualified claimant from receiving benefits because he was not totally unemployed. Claimant was charged with a recoverable overpayment that included both state unemployment insurance benefits and federal pandemic unemployment compensation paid under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9025), and a loss of eight effective days, as well as a monetary penalty, was imposed. Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the initial determination, finding, among other things, that claimant made willful misrepresentations in order to obtain benefits. In February 2021, the Unemployment Insurance Appeal Board modified the ALJ's decision, agreeing that claimant was not totally unemployed during the relevant time period and charging him with a recoverable overpayment, but further finding that claimant's inadvertent certification error did not rise to the level of a willful misrepresentation. As a result, the Board rescinded the monetary penalty and the loss of effective days. Claimant's subsequent application for reopening and/or reconsideration was denied, and this appeal ensued.[FN1]
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1368 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Matter of Bebbino [Clare Rose Inc.-Commissioner of Labor], 174 AD3d 1238, 1239 [3d Dept 2019]). Claimant testified — and the employer's records reveal — that claimant worked during the period of time that he certified for benefits. Although claimant attributed the certification error to a clerical mistake — an explanation that the Board credited in rescinding the civil penalty and loss of effective days — claimant's explanation does not alter the fact that he worked for the employer during a period of time that he certified for unemployment insurance benefits. Hence, substantial evidence supports the Board's finding [*2]that claimant was not totally unemployed during the period at issue (see Matter of Shuman [Commissioner of Labor], 135 AD3d 1284, 1285 [3d Dept 2016]; Matter of Nebel [Commissioner of Labor], 108 AD3d 1007, 1008 [3d Dept 2013]).
We reach a similar conclusion regarding the Board's imposition of the recoverable overpayment. Consistent with the provisions of Labor Law § 597 (4), the unemployment insurance benefits paid to claimant are recoverable based upon the false statement made by claimant when certifying for benefits — notwithstanding the Board's finding that claimant's misrepresentation in this regard was unintentional (see Matter of McBurney [Commissioner of Labor], 46 AD3d 1308, 1308 [3d Dept 2007]; Matter of Smith [Commissioner of Labor], 23 AD3d 973, 974 [3d Dept 2005]; Matter of Piccirilli [Roberts], 92 AD2d 686, 687 [3d Dept 1983]). The federal pandemic unemployment compensation received by claimant also was subject to repayment (see 15 USC § 9023 [f] [2]).
To the extent that claimant contends that he did not know how to correct the certification error that he admittedly made, the unemployment insurance handbook provides express instructions regarding how to report a mistake when claiming weekly benefits, how to request back credit for a missed week and, notably, when to apply for benefits relative to the week for which the benefits are sought. Regardless of whether claimant read the handbook online, he is charged with constructive knowledge of its contents (see Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1424 [3d Dept 2022]). Finally, and as noted by the ALJ at the administrative hearing, it does not appear that claimant applied for benefits for the week that the plant actually was shut down (July 27, 2020 to July 31, 2020) and, therefore, claimant's eligibility for benefits during that period is not properly before us. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Because claimant's application for reopening and/or reconsideration was filed within 30 days of the Board's February 2021 decision, the merits of the underlying claim — as well as the Board's February 2021 decision — are properly before us (see Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [3d Dept 2019]).