█    In the Matter of the Claim of CHARLOTTE GAETA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 15, 1980, which rescinded its prior determination of January 18, 1979 that claimant was ineligible to receive unemployment benefits effective June 26, 1978 because she was not available for employment and instead denied claimant benefits effective June 26, 1978 because she had a reasonable assurance of continued employment during her employer's next academic term as provided in subdivision 10 of section 590 of the Labor Law. As a replacement for a teacher who had gone on leave, claimant was employed as a regular substitute teacher in the Utica School District from November 7, 1977 until June 23, 1978. On June 1, 1978, she was given a written notification by the district that her services as a substitute would be terminated effective June 30, 1978, and by a subsequent letter dated June 7, 1978, she was further advised by the district that she could "be reasonably assured of a position as a substitute teacher with the District" for the next school year. Under these circumstances, claimant applied for unemployment benefits, and her application was denied by the local office on two grounds, to wit: that she was not available for employment and that she had a reasonable assurance of employment by the district as a substitute for the next school year as provided in subdivision 10 of section 590 of the Labor Law. Following a hearing on the matter, an Administrative Law Judge sustained the unavailability for employment determination and ruled the remaining initial determination academic. This decision was affirmed by the board, and the matter was on the March Term Calendar for appeal to this court when a

motion by the Attorney-General to remove the case from the calendar so that the board could reopen its prior determination was granted. Thereafter, the board proceeded to reopen and rescind its prior determination as noted above, and it then ruled claimant ineligible for benefits because she had a reasonable assurance of continued employment (see Labor Law, § 590, subd 10). This appeal followed. We hold that the board's decision should be affirmed. In numerous unpublished decisions in cases analogous to this one, this court has previously ruled other claimants ineligible for benefits, and this established policy mandates a similar result here. We so rule even after reconsideration of our decision in *Matter of Piro (Ross)* (76 AD2d 940) wherein it was held that the board abused its discretion when it reopened a decision appealed to this court for the purpose of considering other outstanding initial determinations. While the rule proposed in *Piro (supra)*, i.e., that the board must rule on all alleged grounds for denying a claimant benefits in one decision, is a good one and would provide for a more effective and efficient operation of the administrative process, in our judgment it would not be proper to apply the rule retroactively to claims which came before the board prior to the promulgation of the rule. Accordingly, the board's decision on the instant claim should not be disturbed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.