■ In the Matter of the Claim of LOIS E. WILSON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 1979, which affirmed the decision of an Administrative Law Judge sustaining an initial determination that claimant was ineligible for benefits. Claimant had been employed by the Peru Central School District as a *per diem* substitute teacher from 1972 through the end of the 1977-1978 school year. After substituting a few times in September, 1978, claimant was appointed to a full-time position on a probationary basis. At the end of the school year in June, 1979 claimant was laid off from the full-time position due to the elimination of several positions. She was placed on a preferred eligible list for a full-time position and upon a preferred substitute list. Claimant's application for benefits has been denied upon the ground that there is a reasonable assurance that she will work during the forthcoming academic year (Labor Law, § 590, subd 10). Claimant contends that since the disqualification contained in subdivision 10 of section 590 of the Labor Law requires reasonable assurance that the claimant will perform "services in such capacity", she is eligible for benefits because the position she was terminated from was full time while the reasonable assurance of work relates to substitute teaching. We have previously affirmed the board's denial of benefits, based on subdivision 10 of section 590 of the Labor Law, where a claimant had been laid off at the end of the school year from her position as a "regular substitute" and advised that she could expect to be called on as a substitute for the next school year *(Matter of Gaeta [Ross]*, 78 AD2d 742, mot for lv to app den 52 NY2d 703). We conclude that there should be a similar result here. Under these circumstances, the board's conclusion that the expectation of working on a substitute basis meets the requirement of the statute is reasonable and should not be disturbed. We also find substantial evidence in the record to support the board's factual determination that claimant had a reasonable assurance of continuing work as a substitute teacher, particularly in light of her prior experience as a substitute with the school district. Decision affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.

■ In the Matter of JOHN BROWN, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Respondents. In the Matter of VINCENT A. RICCIO, Petitioner, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Respondents. — Motion for stay pending appeal from judgment dated August 6, 1980, denied, without costs. Application, pursuant to CPLR article 78 for judgment in nature of prohibition, denied, and petition dated March 20, 1981 dismissed (see, e.g., *Matter of Dondi v Jones*, 40 NY2d 8, 14). Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.