■ In the Matter of the Claims of GAIL WILLIAMS et al., Appellants. CITY SCHOOL DIST. OF BINGHAMTON, et al., Respondents. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from decisions of the Unemployment Insurance Appeal Board, filed December 12, 1979, December 13, 1979, January 14, 1980, January 22, 1980 and February 8, 1980, which denied unemployment insurance benefits to claimants.The claimants were full-time tenured or probationary teachers in the Binghamton City School District and Vestal Central School District during the 1978-1979 school year. Because of declining student enrollment, a number of teacher positions were abolished. The Binghamton claimants were notified of their termination by a form letter effective at the end of the school year from the school district which advised them that their names would be placed on a list of teachers eligible for substitute teaching positions for 1979-1980. It was indi-

cated that the list would be used to offer per diem and long-term substitute teaching assignments if they were available. The Vestal school district sent termination notices to its teachers and advised that it was in the process of compiling a substitute list for making per diem assignments during 1979-1980 school year. All the claimants except two advised their respective school districts either by letter or orally that they would accept substitute teaching assignments. Both districts have rules providing that such substitute lists must be submitted to the board of education for approval. The lists were not approved until August 28, 1979 in the Vestal school district and September 18, 1979 in the Binghamton school district. The school districts offered proof that such lists were historically accepted *in toto* by the school boards and that historical experience indicated also that there would be per diem or long-term substitute employment for all the claimants in the next year. In each of these cases, the Unemployment Insurance Appeal Board determined that notice of placement of these individuals on substitute lists maintained by the school district constituted reasonable assurance of continued employment in an instructional capacity within the meaning of subdivision 10 of section 590 of the Labor Law. The construction given in the instant case to subdivision 10 of section 590 of the Labor Law is rational and reasonable and should be upheld *(Matter of Miller [Ross]*, 78 AD2d 561). Decision affirmed, without costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.