■ In the Matter of ROBERT A. WEISS, Petitioner, v DEPARTMENT OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court [Education Law, § 6510, subd 4 (former)] by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Education which suspended petitioner's license to practice as a certified public accountant for a period of two years with the execution of the last year of such suspension stayed and with probation for a period of one year. Inasmuch as the petitioner does not challenge the determination of guilt and was permitted in the administrative hearings to present all of the mitigating circumstances concerning the offense, the sole issue presented here is whether the measure of discipline imposed is shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner admitted that on January 9, 1974 he did unlawfully, intentionally and knowingly possess and sell some 491 tablets of Methaqualone, a controlled substance. Even though petitioner has established that he had an enviable record in the practice of his profession and has, since the incident, conducted himself in an exemplary fashion, the sale of a large quantity of a controlled substance with high abuse potential cannot and should not be lightly regarded. Under the circumstances presented, we are unable to conclude that the punishment imposed is shocking to one's sense of fairness and, since petitioner has continued to practice his profession since 1975 when the Federal Government concluded its proceedings, no prejudice to him has resulted. Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

■ In the Matter of the Claim of SYLVIA ARZOOMANIAN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 20, 1980, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner which ruled claimant ineligible for benefits. Decision affirmed, without costs (see *Matter of Williams [City School Dist. of Binghamton — Ross],* 81 AD2d 928; *Matter of Wilson [Ross],* 80 AD2d 980). Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.