volunteer work did not constitute employment and that the benefits were accepted by him in good faith. Those benefits are, therefore, also not recoverable (see Labor Law, § 597, subd 4; *Matter of Valvo* [*Ross*], 83 AD2d 344, affd 57 NY2d 116). The decision should be reversed.

■ In the Matter of the Claim of SHEILA HAKNER, Appellant. CITY UNIVERSITY OF NEW YORK, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 15, 1982, which ruled that claimant was ineligible to receive benefits because she was reasonably assured of continued employment in an educational institution and charged her with a recoverable overpayment of benefits. Claimant appeals from an adverse determination of the Unemployment Insurance Appeal Board. Claimant, like the claimant in *Matter of Jama* (*City Univ. of N. Y.* — *Roberts*) (96 AD2d 1007), taught English to foreign students at Queens College of the City University of New York and her application for benefits arose from a factual setting almost identical to that in *Jama*. As we determined in *Jama*, the employer's method of scheduling and staffing its classes did not afford claimant reasonable assurance within the meaning of subdivision 10 of section 590 of the Labor Law that the teaching position that she held would be continued to the next semester. Accordingly, claimant was entitled to benefits. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main and Casey, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The claimant was an instructor in continuing education at Queens College, a unit of the City University of New York, for four years. Claimant had been solicited by her employer as to her availability for work in the next semester. This was a regular practice engaged in by the employer. Her rehire was conditioned only on a sufficient number of registered students. The record discloses that the number of students was on a rise. Under these facts, claimant had reasonable assurance of continued employment and was ineligible for benefits pursuant to subdivision 10 of section 590 of the Labor Law. Claimant, when applying for benefits, indicated that her unemployment was due to lack of students. She failed to indicate that she was unemployed in the midst of an intersession period. This was a false statement and benefits were properly recoverable (see Labor Law, § 597, subd 4). The decision should be affirmed.

■ In the Matter of the Claim of VIRGINIA A. JAMA, Respondent. CITY UNIVERSITY OF NEW YORK, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 1982, which ruled that claimant was entitled to receive benefits from December 18, 1981 to January 24, 1982. Since 1978, claimant was employed by Queens College of the City University of New York, where she taught English to foreign students. Whether the English classes were held depended on the enrollment of an adequate number of students, which the employer did not determine until sometime after the close of the previous semester and perhaps not until the beginning of the semester. After the conclusion of the fall, 1981 semester, claimant applied for unemployment benefits and was determined to be ineligible because she had reasonable assurance of continued employment in an instructional capacity within the meaning of subdivision 10 of section 590 of the Labor Law. This initial determination was overruled by the administrative law judge who found that claimant did not have reasonable assurance of continued employment. The Unemployment Insurance Appeal Board affirmed, and this appeal by the