[No. 5393-8-III.   Division Three.   April 3, 1984.]

CAROLYN J. SAMUELS, *Appellant,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

*Alan L. McNeil* and *Lawrence A. Weiser* of *University Legal Assistance,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Sells, Assistant,* for respondent.

McInturff, J.—Carolyn Samuels appeals the denial of her claim for unemployment benefits. We affirm.

Ms. Samuels was employed by the Spokane School District No. 81 as a liaison worker for the District's federally funded Indian education program. As liaison, she acted as an intermediary between the educational program, the Indian students, and their families. She held this position for approximately 7 years.

At the end of the 1979–80 school year, she received a notification of continued employment which provided in part:

> We are pleased to notify you that the Board of Directors has approved your continued employment with Spokane School District No. 81 for the 1980–81 school year.

Employment with our District calls for customary vacation/recess periods during the school year. Following each of these periods, as established by the 1980–81 school calendar, you will have continued employment.

. . .

We look forward to your return for the 1980–81 school year, and hope you have an enjoyable summer vacation.

This notice was signed by Ms. Samuels and a District representative.

The Indian education program was approved and funded on an annual basis by the federal government, but at the time Ms. Samuels received her notice, funding for the program had not yet been approved for the 1980–81 school year.

On July 6, 1980, she applied for unemployment benefits. The Department issued a determination notice which disqualified her from receiving benefits because she was an educational employee in a period between two academic years. Ms. Samuels appealed and a de novo hearing was held by the appeal tribunal of the Department of Employment Security. The appeal tribunal affirmed the denial of benefits. Upon review, the Commissioner of the Department affirmed the appeal tribunal. The Superior Court affirmed the Commissioner's decision.

Ms. Samuels contends her notice of continued employment was statutorily deficient because it (1) failed to describe her "services," (2) failed to provide her with reasonable assurance of continued employment, and (3) failed to meet the requirement of "individual written notice".[1]

---

[1]Pursuant to RCW 50.32.120, judicial review of the Commissioner's decision is governed by RCW 34.04.130 which provides that an administrative decision will be reversed if it is

    (6) . . .

    (d) affected by other error of law; or

    (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or

    (f) arbitrary or capricious.

*Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 646 P.2d 113 (1982). These tests apply to the review of administrative decisions by appellate courts as well as

412

The controlling statute, former RCW 50.44.050(2), provided in part:[2]

Benefits shall not be paid based on services in any other capacity for an educational institution (other than an institution of higher education as defined in RCW 50.44.037) for any week of unemployment which commences during the period between two successive academic years or during a period between two successive academic years or terms, if such individual performs such services in the first of such academic years or terms and there is an individual contract or an individual written notice to the employee that the individual will perform such services in the second of such academic years or terms.

First, Ms. Samuels claims the notice failed to describe the "services" she would perform for the District. She argues the statute requires the notice to contain an assurance that she would perform the same services in the 1980–81 school year as she performed in the 1979–80 school year.

As applied to Ms. Samuels, the statute precludes the payment of benefits if she "perform[ed] . . . services in the first of such academic years . . . and there is . . . an individual written notice to the employee that the individual will perform such services . . .". We do not construe this language to require that the notice contain a specific statement that the employee will be performing the same services in the coming school year. Ms. Samuels had been employed by the District for the previous 6 years as a liaison worker. Her notice informed her "that the Board of Directors has approved your continued employment." This is sufficient to satisfy the statutory requirement that she be

---

by trial courts. *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n*, 83 Wn.2d 446, 448, 518 P.2d 1237 (1974).

[2]RCW 50.44.050 was amended on March 31, 1980. The hearing before the appeal tribunal was held on October 2, 1980. The appeal examiner based his decision on the superseded version of the statute. We have reviewed the two statutes and find the changes to have been mainly editorial and not dispositive in the present case. The remainder of this opinion is based on the amended version of the statute.

notified of the services she will perform for the District.[3]

Second, Ms. Samuels contends that because the funding of the program was contingent, she could not receive reasonable assurance of continued employment. The concept of reasonable assurance was recently discussed by this court in *Jennings v. Department of Empl. Sec.*, 34 Wn. App. 592, 663 P.2d 849 (1983). There, the question of whether substitute schoolteachers may receive unemployment benefits between successive school years was addressed. The meaning of "reasonable assurance", as used in RCW 50.44.050, was held to mean:

a "reasonable assurance" does not require a guaranty of work, but only that the school district in good faith expects to employ the teacher as a substitute in the coming year, and communicates that expectation to the teacher.

*Jennings*, at 599.

■ We hold the *Jennings* definition of "reasonable assurance" is applicable to classified noncertificated employees such as Ms. Samuels. Here, the District expected to hire Ms. Samuels as a liaison worker in the coming year as it had the previous 6 years. That expectation was communicated to her through her notice. The fact that federal funding is contingent at the time the notice is delivered to the employee is not, by itself, sufficient to prevent the District from giving an employee reasonable assurance of continued employment.

Finally, Ms. Samuels contends she failed to receive "individual written notice." This contention is without merit. The statute requires the employee receive an individual written notice that she will continue to perform such

---

[3]The District presented testimony and the Department Commissioner found that even if funding had not been approved, Ms. Samuels would have been employed by the District in a different program. Because she possessed limited education and was hired mainly because of her experience with the Indian community, she argues that it was highly unlikely she would have been qualified to hold a different liaison position. We do not find this argument to be persuasive to the extent we can ignore the Commissioner's findings and hold, as a matter of law, she is entitled to benefits.

services for the District. This is precisely what the District did in the present case. The notice satisfied the statutory requirement.

The judgment of the Superior Court is affirmed.

GREEN, A.C.J., and THOMPSON, J., concur.