[Nos. 52569-2, 52600-1.  En Banc.  July 31, 1986.]

AFAF S. ABULHOSN, ET AL, *Appellants,* v. THE DEPARTMENT
OF EMPLOYMENT SECURITY, *Respondent.*

WILLIAM S. CASE, *Appellant,* v. THE DEPARTMENT
OF EMPLOYMENT SECURITY, *Respondent.*

*Jerry L. Painter,* for appellants Abulhosn.

*Faith Hanna,* for appellant Case.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Sells, Assistant,* for respondent.

DORE, J.—Appellants are full–time teachers who, because of district layoffs, were given substitute teaching positions the following year. They appeal the Commissioner of the

Department of Employment Security's denial of unemployment insurance payments for the summer between the year they taught full time and the year they were offered part-time work.

## FACTS

This is a consolidated case involving numerous teachers, who previously were employed full time by the school districts, but were only offered substitute teaching positions for the following academic year. The teachers had worked full time on continuing contracts for the Edmonds School District. Before the end of the academic year, each teacher received a letter stating that, because of a drop in enrollment, the district could not offer the teacher full-time employment in the year to come. The teachers, however, were placed on a "substitute roster," and would receive priority placement for substitute work in their designated subject area.

A substitute teacher is paid considerably less than a full-time teacher. Furthermore, the work is sporadic and a substitute teacher, unlike a full-time teacher, does not receive medical or dental benefits. The teachers who were placed on this substitute roster, therefore, had a significantly worse position than they had had the year before. These teachers applied for unemployment benefits for the summer before they began as substitute teachers, but were denied by the Department of Employment Security, because of the provisions of RCW 50.44.050. This statute denies unemployment benefits to teachers for the summer months between terms if the teachers have a reasonable assurance of work for the following academic year.

The teachers appealed this denial of benefits. The appeal tribunal of the Department of Employment Security reversed the earlier denial of benefits and held RCW 50.44-.050 inapplicable. The Commissioner of the Department of Employment Security, however, reversed the appeal tribunal and denied benefits. The teachers sought judicial review of the Commissioner's decision, and the Snohomish County

Superior Court upheld the Commissioner's denial of benefits. The teachers appealed to the Court of Appeals, which transferred the case to this court. The case was then consolidated with a Pierce County case involving a teacher who also was denied unemployment benefits when the district indicated that in the next academic year, he would lose his full-time position and become a substitute.

## ANALYSIS

RCW 50.44.050(1) provides that unemployment benefits, otherwise payable,

> shall not be paid to an individual for any week of unemployment which commences during the period between two successive academic years or terms (or, when an agreement provides instead for a similar period between two regular but not successive terms, during such period) *if such individual performs such services in the first of such academic years* or terms *and if there is* a contract or *reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.*

(Italics ours.) If this section does not preclude unemployment benefits, then it is undisputed that the teachers would receive them. The question presented to us, therefore, is whether an offer of a substitute teaching position for an upcoming academic year constitutes a "reasonable assurance that such individual will perform services in any such capacity for any educational institution . . ." within the meaning of RCW 50.44.050(1).

No Washington case has specifically addressed this issue. The Department of Employment Security, however, points to the decision in *Jennings v. Department of Empl. Sec.,* 34 Wn. App. 592, 663 P.2d 849 (1983) for support for the proposition that RCW 50.44.050(1) applies to this case, thereby denying benefits. In *Jennings,* certain substitute teachers who were notified that they would receive less time substituting, because of priority given to full-time teachers who had been laid off, attempted to obtain unemployment

benefits. The Court of Appeals denied benefits holding that the substitute teachers had a "reasonable assurance" of reemployment.

> [C]onditions which affect the number of days a teacher will be called, or the type of assignments or rate of pay given the teacher, do not prevent a district from providing a "reasonable assurance" of continued employment.

*Jennings,* at 598.

Similarly, in *Samuels v. Department of Empl. Sec.,* 37 Wn. App. 409, 680 P.2d 764 (1984), the Court of Appeals again denied benefits to a liaison worker for a school district's Indian Education Program. While there was some doubt as to whether the claimant could continue as a liaison worker, the district stated it would have employed her in a different capacity had it not been able to fund that position. The appellate court, in denying benefits pursuant to RCW 50.44.050, did not require that the individual be notified that she would perform the same services in the coming year in order to be denied benefits pursuant to RCW 50.44.050(1). An individual could be placed in a different position and still have a reasonable assurance of continued employment.

While we agree with the Court of Appeals in both *Jennings* and *Samuels,* we do not agree that those opinions support the Department of Employment Security's contention that RCW 50.44.050 denies benefits in the cases before us. There is a fundamental difference between a full–time teacher's being placed on a substitute teacher's list and a substitute teacher's being rehired as a substitute. This difference requires that full–time teachers receive this unemployment compensation for that one summer between their full–time and part–time work for a number of reasons.

In order for a state to receive certain federal funds for unemployment compensation, it must pass legislation, including the provisions in RCW 50.44.050, which conform to federal requirements. 26 U.S.C. § 3304 (1982). This "conforming" legislation is virtually identical in all states, and contains the "reasonable assurance" term. The impor-

tance of this is twofold.

First, because the United States Department of Labor promulgated the standards used to determine eligibility, including the rule which became RCW 50.44.050(1), its commentary on the meaning of that provision is especially helpful. Our Legislature recognized this when it enacted RCW 50.98.110, which stated in part:

> In view of the importance of compliance of this 1977 amendatory act with the federal unemployment tax act, any ambiguities contained herein should be resolved in a manner consistent with the provisions of that act. Considerable weight has been given to the commentary contained in that document entitled "Draft Language and Commentary to Implement the Unemployment Compensation Amendments of 1976 PL 94–566", published by the United States department of labor, employment and training administration, and *that commentary should be referred to when interpreting the provisions of this 1977 amendatory act.*

(Italics ours.) This Commentary states that

> For the purposes of this provision, the term 'a reasonable assurance' means a written, verbal, or implied *agreement that the employee will perform services in the same capacity* during the ensuing academic year or term.

(Italics ours.) U.S. Dep't of Labor, *Draft Language and Commentary To Implement the Unemployment Compensation Amendments of 1976–P.L. 94–566*, § 4(a)(3), commentary at 54 (hereinafter Commentary). In the first supplement to this Commentary, published before the Legislature enacted RCW 50.44.010 *et seq.*, the Department of Labor stated that in the case of a substitute, a "reasonable assurance" of continued employment existed "[w]here there is a written assurance of reemployment on essentially the same or better terms . . ." Commentary, at 18 (Supp. 1976). Changing a full–time teacher to substitute teaching clearly is not reemploying him or her on essentially the same or better terms as in the past year. Therefore, the Commentary supports the teachers' claims to unemployment benefits.

The other reason why it is important that RCW 50.44-.050 is part of the same conforming legislation is that a number of other jurisdictions have considered the precise issue presently before us. Since these other jurisdictions have enacted virtually the same conforming statute, their interpretation is instructive. In all but one case the courts have concluded that full–time teachers who are placed on a substitute list are entitled to unemployment benefits during the summer. *Johnson v. Independent Sch. Dist. 535,* 291 N.W.2d 699 (Minn. 1980); *Leissring v. Department of Indus., Labor & Human Relations,* 115 Wis. 2d 475, 340 N.W.2d 533 (1983); *Fort Wayne Comm'ty Schs. v. Review Board of Ind. Empl. Sec. Div.,* 428 N.E.2d 1379 (Ind. Ct. App. 1981); *Kelly v. Employment Div.,* 74 Or. App. 69, 701 P.2d 448 (1985); *Whitley v. Board of Review,* 116 Ill. App. 3d 476, 451 N.E.2d 942 (1983). *Sulat v. Board of Review,* 176 N.J. Super. 584, 424 A.2d 451 (1980). Furthermore, these cases implicitly approve of the Court of Appeals decisions in *Samuels* and *Jennings,* as no jurisdiction has allowed unemployment compensation for substitute teachers over the summer merely on a showing that because of other layoffs, the amount of substitute teaching would decline. These courts also distinguish full–time teachers receiving unemployment from substitute teachers who are not eligible on the basis that a full–time teacher is not reemployed in a similar position if he or she is forced to accept substitute work. *Ykovchick v. Public Schs.,* 312 Minn. 139, 251 N.W.2d 626 (1977); *Neshaminy Sch. Dist. v. Commonwealth,* 57 Pa. Commw. 543, 426 A.2d 1245 (1981); *Gaeta v. Ross,* 78 A.D.2d 742, 432 N.Y.S.2d 728 (1980). Finally, in the one case denying compensation to full–time teachers who were given substitute positions, the sole rationale for such a result was that the administrative agency interpreting the statute to deny benefits had made a "rational and reasonable" construction, and for that reason alone should be upheld. *Williams v. City Sch. Dist.,* 81 A.D.2d 928, 439 N.Y.S.2d 503, 505 (1981). This court, however, is not required to accept the Commissioner's interpre-

tation merely because it is "rational and reasonable."

Moreover, a number of policy reasons support the granting of benefits. The purpose of unemployment compensation is to benefit people who become unemployed through no fault of their own. RCW 50.01.010. A person losing full–time employment because of a school district's layoffs, who receives only sporadic, lower paying work clearly is the type of person the unemployment benefits were attempting to protect. Moreover, RCW 50.20.080 allows an individual to decline unsuitable work and still receive benefits. If sporadic substitute teaching is considered unsuitable work, then we would be in the anomalous position of granting benefits to a full–time teacher who turned down sporadic work, while not granting benefits to a teacher who accepted it.

## ATTORNEY FEES

RCW 50.32.160 provides that if this court overturns or modifies the Commissioner's ruling, the teachers should receive reasonable attorney fees. The attorney for the Pierce County teacher submitted an affidavit stating a reasonable attorney fee for her efforts was $4,058.75. The attorney for the Edmonds teachers submitted an affidavit stating that a reasonable attorney fee for his efforts was $2,387.50. In light of the complexity of this case and preparedness of the attorneys, as evidenced by the briefs and oral argument submitted to this court, we grant these fees.

## CONCLUSION

We therefore reverse the trial court's affirmance of the Commissioner's denial of unemployment benefits. A full–time teacher who is offered a significantly worse position as a part–time, sporadically employed substitute is entitled to unemployment compensation. Pursuant to RCW 50.44.050 and the federal guidelines interpreting that conforming legislation, the reduction from full–time to part–time work, unlike a reduction of hours of a part–time employee, is not a "reasonable assurance" of reemployment. Therefore the full–time teachers who are offered substitute teaching posi-

tions shall receive unemployment compensation for the summer between those two different positions as well as reasonable attorney fees pursuant to RCW 50.32.160.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.