■ In the Matter of the Claim of W. ALEXANDER BARTON, Appellant. CITY UNIVERSITY OF NEW YORK, Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1985, which ruled that claimant was ineligible to receive benefits because he was reasonably assured of continued employment in an educational institution.

Primarily an actor and singer, claimant also worked at constituent colleges of the City University of New York. During both the fall and spring semesters of the 1984-1985 academic year, he served as a counselor at Brooklyn College and as an adjunct lecturer at Manhattan Community College. Although not reappointed to his position at the former, he did receive a letter from the president of Manhattan Community College dated April 30, 1985 informing him "that you will be appointed as an adjunct faculty member at * * * Manhattan Community College in the Fall Semester 1985. This appointment is offered subject to sufficiency of registration, financial ability and curriculum needs. You will receive your letter of appointment for Fall, 1985, after registration, when class assignments are made."

The Unemployment Insurance Appeal Board affirmed a decision of an Administrative Law Judge which found claimant ineligible in the summer of 1985 (the period between academic years) to receive unemployment benefits pursuant to Labor Law § 590 (10) because he had a reasonable assurance that he would be performing services as an adjunct faculty member in the 1985 fall semester. Claimant readily acknowledges the University fully intended to—as it indeed did—employ him during that semester. He maintains, however, that since his reappointment was conditioned upon a sufficient student registration, he did not in fact have a reasonable assurance of employment.

We affirm. The record indicates that Manhattan Community

College was justified in anticipating the same enrollment it enjoyed in the past, that faculty size would remain the same, that its budget would be sufficient to pay claimant who, significantly, taught a required freshmen course, and further, that before the 1985 spring semester concluded he had been furnished with a schedule of his classes for the fall. Unlike *Matter of Jama (City Univ. of N. Y.—Roberts)* (96 AD2d 1007) and *Matter of Hakner (City Univ. of N. Y.—Roberts)* (96 AD2d 1007), here the adequacy of the number of students available for the fall semester was established. The projected freshmen enrollment as well as the budget for the fall semester, determined the preceding March by personnel and budget committees from each department in the school, was amply documented. Moreover, the subject claimant was scheduled to each was an indispensable introductory course for freshmen.

Decision affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.