Bradley J. GOELLER, Petitioner and Appellant,

v.

JOB SERVICE NORTH DAKOTA, Respondent and Appellee.

Civ. No. 880045.

Supreme Court of North Dakota.

July 19, 1988.

---

Kent A. Higgins (argued), Bismarck, and Sterling J. Smith, Valley City, for petitioner and appellant.

David E. Clinton, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

Bradley J. Goeller appealed from a district court judgment affirming a decision by Job Service North Dakota (Job Service) denying him unemployment-compensation benefits. We affirm.

Goeller was employed by United Tribes Educational Technical Center (United Tribes) as a carpentry instructor during school terms from 1983 to 1987. Goeller last worked for United Tribes on May 22, 1987, the final day of the 1986–1987 school term. Approximately one week prior to that date United Tribes, which depends upon the Federal Government for its funding, sent Goeller a letter which stated:

"As you may know, funds for the operation of the Center for the next year are uncertain, due, among other things, to the Graham–Rudman Act and its consequences. The Congressional Committee will not act on appropriations before June 1987.

"Therefore, at this time, UTETC cannot guarantee that your position will be available for the next school year. At the present time, UTETC plans to continue its present staffing pattern. However, this is subject to continuing review. By July 15 of this year, we hope to have our plans made more definite. We will inform you at that time of the status of our situation. If our funding situation has improved, we will be informing you of our decision to rehire, subject, of course, to your availability.

"Should funds be less than necessary to maintain our current staffing pattern, we will be considering, among other things, possible reduction in force or reduction in time or some combination of these measures. We hope these measures will not be necessary."

Goeller applied for unemployment-compensation benefits on May 26, 1987. Job Service initially denied his claim, finding that he was an employee of an educational institution between academic years with a reasonable assurance of reemployment which disqualified him from receiving such benefits pursuant to Section 52–06–02(12), N.D.C.C.[1] Goeller appealed, and an in-person hearing was conducted by an appeals referee. The referee affirmed the initial

---

1. Section 52–06–02(12) was amended by the    1987 Legislature. See 1987 N.D.Sess.Laws ch.

determination. Goeller then requested a bureau review. Job Service conducted a review and affirmed the referee's decision. Goeller then appealed to the district court. The district court entered the judgment affirming the decision by Job Service from which Goeller appealed.

■ Goeller argues that Job Service erred in determining that he had a reasonable assurance of reemployment by United Tribes which disqualified him from receiving unemployment-compensation benefits. When we consider an appeal from a judgment of the district court reviewing the decision of an administrative agency, we review the decision of the agency, not the decision of the district court. See, e.g., *Grace v. North Dakota Workmen's Comp. Bureau*, 395 N.W.2d 576 (N.D.1986). The scope of review of decisions made by administrative agencies is set forth at Section 28-32-19, N.D.C.C. Our review of the factual basis of a decision made by an administrative agency is conducted in a three-step process wherein we determine

"(1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; and (3) if the agency decision is supported by the conclusions of law." *Skjefte v. Job Service North Dakota*, 392 N.W.2d 815, 817 (N.D.1986).

■ At the time of Job Service's determination, Section 52-06-02(12) prohibited an educational instructor from receiving unemployment-compensation benefits for those periods of time when school was not in session if the instructor had a reasonable assurance of employment in an educational capacity when such period ended. Specifically, the statute disqualified an individual from receiving benefits:

"Which are based on service performed in an instructional, research, or principal administrative capacity for an educational institution, or in an educational institu-

tion while in the employ of an educational service agency, for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract, or during an established and customary vacation period or holiday recess, to any individual if such individual performs such services in the first of such academic years or terms *and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms* or if the individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess." [Emphasis added.]

Our Legislature enacted this statute in order to comply with the guidelines set forth in the Federal Unemployment Tax Act, 26 U.S.C. §§ 3301-3311. That Act provides substantial tax credits to employers in States which administer unemployment-compensation benefits in accordance with Federal guidelines. See 26 U.S.C. § 3302, and *Leissring v. Dept. of Ind., Labor & Hum. Rel.*, 115 Wis.2d 475, 340 N.W.2d 533 (1983). The purpose of this type of legislation, as the Wisconsin Supreme Court noted, is

"to prevent subsidized summer vacations for those teachers who are employed during one academic year and who are reasonably assured of resuming their employment the following year." *Leissring*, 340 N.W.2d at 539.

In this case Job Service concluded that Goeller had a reasonable assurance of

599, § 1. The provision which Job Service relied upon is now codified at Section 52-06-

02(9), N.D.C.C.

reemployment with United Tribes in the fall of 1987. A review of the record reveals there was evidence introduced that: (1) although the letter from United Tribes to Goeller stated that funding was uncertain, it also indicated that United Tribes planned "to continue its present staffing pattern"; (2) the method of funding United Tribes had always been the same; (3) Goeller was not required to fill out an application for the position he held after he was initially hired in 1983, but had reported back to work at United Tribes at the beginning of each school term; (4) a representative of United Tribes stated that if the position Goeller held was funded, he would be offered the job.

Goeller argues that he did not have reasonable assurance of reemployment because funding for United Tribes was not certain. We disagree. Funding by a legislative body, by its very nature, is not static but is always uncertain. To determine that funding must be certain in order that a publicly employed person may have a reasonable assurance of employment would be tantamount to nullifying Section 52–06–02(12). Thus the uncertainty of funding does not deprive a person of reasonable assurance of employment. *Russ v. Cal. Unemployment Ins. Appeals Bd.*, 125 Cal.App.3d 834, 178 Cal.Rptr. 421 (1982); *Zeek v. Employment Div.*, 65 Or. App. 515, 672 P.2d 349 (1983); *Ortiz v. New Mexico Employment Sec. Dept.*, 105 N.M. 313, 731 P.2d 1357 (N.M.App.1986); *Samuels v. Employment Sec. Dept.*, 37 Wash. App. 409, 680 P.2d 764 (1984). The statute requires neither an unconditional assurance of future reemployment [*Zeek, supra*] nor a guarantee of reemployment [*Jennings v. Employment Sec. Dept.*, 34 Wash.App. 592, 663 P.2d 849 (1983)].

We conclude that the facts form a sufficient basis for a reasoning mind to "have reasonably determined that the factual conclusions were supported by the weight of the evidence." *Skjefte, supra*, 392 N.W.2d at 818. Thus the decision by Job Service must be affirmed.

GIERKE, MESCHKE and LEVINE, JJ., concur.

PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.

VERNON R. PEDERSON, Surrogate Justice, dissenting.

The record in this case contains evidence that the contract between United Tribes and Goeller provided that there is no automatic renewal such as is provided by North Dakota statute for public school teachers. The contract here further provided that United Tribes would give Goeller notice of its intention to recontract with him for the 1987–1988 school term within a specific 15-day period. When it failed to give that notice, United Tribes disclosed an intent to not recontract with him.

The reasonable assurance which could have been provided by a continuing contract or some verbal assurance of reemployment or implied from practice and usage, is entirely missing in this case.

I believe that we are required to substitute our judgment for that of an administrative agency when the facts provide no support for their determination. I would reverse and remand for reconsideration of the facts by Job Service.