■ In the Matter of the Claim of JAMES WHITING, Appellant. CITY UNIVERSITY OF NEW YORK, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [663 NYS2d 348] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1996, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he had a reasonable assurance of continued employment in an educational institution.

Claimant, an adjunct lecturer at Manhattan Community College, was found to be ineligible for unemployment insurance benefits during a summer recess period pursuant to Labor Law § 590 (10). That statute provides that a professional employee of an educational institution who receives a reasonable assurance of reemployment following a break between two successive academic years or terms is not eligible for benefits dur-

ing the break period. Substantial evidence supports the ruling that claimant had been given reasonable assurance of employment for the fall 1993 semester rendering him ineligible to receive benefits during the summer break (*see generally, Matter of Makis [Owego Apalachin Cent. School Dist.—Sweeney]*, 233 AD2d 743).

Specifically, claimant had received a letter in March 1993 reappointing him as an adjunct faculty member for the fall 1993 semester, conditioned upon a sufficient number of registrants, the school's financial ability and curriculum needs. By April 1993, claimant had received a set schedule of his assigned fall class and thereafter discussed the course with his supervisor. He commenced teaching this class in the fall 1993 term without further discussion with or notification from the college. We affirm the ruling that claimant had received a reasonable assurance of reemployment, despite the conditions of reemployment stated in the March 1993 letter, rendering him ineligible for benefits (*see, Matter of Barton [City Univ.—Roberts]*, 125 AD2d 858).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.