■ In the Matter of the Claim of JANICE M. TRIPI, Appellant. NAZARETH COLLEGE OF ROCHESTER, Respondent. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 340] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 19, 2001, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she had a reasonable assurance of continued employment.

Claimant was employed as an adjunct lecturer by the employer, teaching one or two courses per semester. Following the conclusion of the spring 2000 semester, she applied for and began receiving unemployment insurance benefits. The employer mailed a letter to claimant on June 6, 2000, notifying her that she would be rehired for the 2000-2001 academic year to teach one course during the fall semester. Thereafter, claimant informed the employer that she needed full-time employment and that, if she were to receive an offer from another employer for a full-time job, she would accept the full-time job, even if it meant leaving her employment with the employer in the middle of the semester. The employer responded by rescinding its offer and hiring a replacement.

The Unemployment Insurance Appeal Board ruled that (1)

claimant was ineligible for the benefits she received during the interim period between the spring and fall semesters because at that time she had a reasonable assurance of continued employment (*see*, Labor Law § 590 [10]), and (2) claimant was disqualified from receiving benefits effective August 28, 2000, the first day of the employer's fall 2000 semester, because she voluntarily left her employment without good cause. We affirm.

As to the first part of the Board's decision, Labor Law § 590 (10) provides, inter alia, that a claimant employed as a teacher is not entitled to unemployment insurance benefits for the period of time between two academic semesters provided that there is a reasonable assurance that the claimant's employment will resume at the start of the next semester. The letter sent to claimant by the employer following the end of its spring 2000 semester provided her with the information that she would be hired to teach a class during the fall 2000 semester. As this conveyed to claimant the reasonable assurance of continued employment required by Labor Law § 590 (10), she was not eligible for benefits between the spring and fall semesters (*see*, *Matter of Tsaganea [Commissioner of Labor]*, 279 AD2d 924, 925; *Matter of Whiting [Commissioner of Labor]*, 243 AD2d 904, 905).

As to the second part of the Board's decision, substantial evidence supports the ruling that claimant left her employment under disqualifying circumstances. By informing the employer that she would leave her part-time job as soon as she received any outside offer of full-time employment, claimant effectively communicated to the employer her lack of interest in continuing to work for it (*see*, *Matter of Novak [Preservation Hall Café & Bakery—Hudacs]*, 190 AD2d 979). Claimant's dissatisfaction with the part-time nature of her employment does not constitute good cause for leaving it (*see*, *Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861, 862). The remaining issues raised by claimant have been reviewed and found to be without merit.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.